UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL T PINES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR OF ATASCADERO STATE<br>HOSPITAL, et al.,<br><br>　　　　　　Defendants. | Case No. 18-cv-04386-SI<br><br>**ORDER OF TRANSFER**<br>Re: Dkt. No. 1 |

Michael T. Pines, currently in custody at Atascadero State Hospital, has filed a "class action complaint for civil rights 42 USC § 1983 and *Bivens*." Docket No. 1. His complaint is now before the court for review under 28 U.S.C. § 1915A.

Pines alleges in his complaint that the plaintiff-class consists of prisoners who are being held beyond their proper release date, having been transported from the California Department of Corrections and Rehabilitation (CDCR) to Atascadero State Hospital or Patton State Hospital. Docket No. 1 at 3. He further alleges that his situation is typical: he "is still being held in Atascadero, when it is clear he doesn't meet any of the criteria for being a Mentally Disordered Offender ("MDO") under Penal Code § 2962." Docket No. 1 at 3. He also alleges that, at some unspecified date in the past, he spent about a year at Patton State Hospital "when he did not meet criteria for being classified as mentally incompetent to stand trial." *Id.* Pines' criminal convictions occurred in San Diego County Superior Court. *See* Docket No. 6. He requests, among other things, damages and an injunction preventing defendants from sending prisoners to hospitals when those prisoners do not meet the criteria for placement as an MDO or due to incompetency to stand trial. Docket No. 1 at 5.

Pines purports to bring the case as a class action, but he cannot bring a class action. "[A] litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoner-plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of a class). Pines thinks he would be a proper class representative because he is in a unique position in that he "has been an Attorney since 1977 and has also been a patient at both Defendant Hospitals." Docket No. 1 at 2. But he has been disbarred, and is no longer authorized to practice law in California. *See id.* at 3. He is in the same position as other *pro se* litigants: he has no authority to represent anyone other than himself. Thus, the court looks at Pines' claims on behalf of himself only for purposes of considering the appropriate venue for this action. The only potential claims in this action are that Pines has been placed at Atascadero as an MDO and that he earlier was sent to Patton for restoration of his competency to stand trial when he did not meet the criteria for either placement.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Venue for this action is proper in the Central District of California. *See* 28 U.S.C. § 1391(b)(2). The Central District of California also would be the more convenient forum for several reasons. Atascadero State Hospital is located in San Luis Obispo County and Patton State Hospital is located in San Bernardino County. Both of those counties are within the venue of the Central District of California. The witnesses and evidence likely will be found primarily in the Central District of California as that is the district in which the relevant events and omissions occurred and the plaintiff is in custody. None of the events or omissions giving rise to the complaint occurred in the Northern District of California, and it does not appear that any witnesses are located in the Northern District of California. Although Pines would prefer to litigate in the Northern District of California, he does not reside here and does not allege that his claims have any substantial connection to the Northern District of California. *See IBM Credit Corp. v. Definitive Computer Serv., Inc.*, 1996 WL 101172, *2 (N.D. Cal. 1996) ("Ordinarily, where the

2

forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum."); 17 *Moore's Federal Practice*, § 111,13[1][c] (Matthew Bender 3d Ed.) ("When the chosen forum is neither the plaintiff's residence nor the place where the operative events occurred, the court is likely to override the plaintiff's choice . . . unless the plaintiff can show that some other valid reason supports the plaintiff's choice of forum").

Accordingly, for the convenience of the parties and witnesses, and in the interest of justice, this action is now transferred to the Central District of California. *See* 28 U.S.C. §§ 1404(a). The clerk shall transfer this matter forthwith.

**IT IS SO ORDERED**.

Dated: August 8, 2018

_____
SUSAN ILLSTON
United States District Judge